**HILL, FARRER & BURRILL LLP**
Stephen J. Tomasulo (Bar No. 181013)
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA  90071-3147
Telephone:  (213) 620-0460
Fax:  (213) 624-4840
E-mail: stomasulo@hillfarrer.com

Attorneys for Plaintiff and Counterclaim Defendants PJAM LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PJAM LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>XX GLOBAL, INC., JAQUES WEBSTER, and DOES 1-20, inclusive,<br><br>          Defendants.<br><br>XX GLOBAL, INC., JEFFERSON AGAR, ALEX MARTINI, PATRICK JOHNSTON, and ROES 1 through 10, inclusive,<br><br>          Counterclaimants,<br><br>     vs.<br><br>PJAM LLC, JEFFERSON AGAR, ALEX MARTINI, PATRICK JOHNSTON, and ROES 1 through 10, inclusive,<br><br>          Counterclaim Defendants. | CASE NO.  2:18-cv-03192 JFW (MRWx)<br><br>**PJAM LLC's ANSWER TO COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:      John F. Walter |

CV 18-3192-JFW (MRWX)

**PJAM LLC'S ANSWER TO COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant PJAM LLC ("PJAM") responds to the allegations of the Counterclaims filed by Defendants and Counterclaimants XX Global, Inc. ("XX Global") and Jacques Webster as follows:

1. PJAM admits that the counterclaims are part of the same case or controversy.

2. PJAM admits that the court has jurisdiction over PJAM. PJAM does not have sufficient information to admit or deny the allegations of Paragraph 2 with regard to the other Counterclaim Defendants.

3. PJAM admits that this court is an appropriate venue to litigate this dispute.

4. PJAM does not know whether Mr. Webster is a citizen of Texas but admits the remaining allegations of Paragraph 4.

5. PJAM does not know the location of XX Global's pricipal place of business so it cannot admit or deny the allegation with respect to that issue. PJAM admits the remaining allegations of Paragraph 5.

6. Admit

7. PJAM admits that Mr. Agar is a is an individual and citizen of New York but denies the remaining allegations of Paragraph 7.

8. PJAM admits that Mr. Martini is an individual but denies the remaning allegations of Paragraph 8.

9. PJAM admits that Mr. Johnston is an individual but denies the remaning

allegations of Paragraph 9.

10. Deny

11. Deny

12. PJAM denies that the contract specified a time for Webster's performance but otherwise admits the allegations of Paragraph 12.

13. PJAM denies that the contract "guaranteed" Mr. Webster anything if he did not perform his contractual obligations.  PJAM admits that the financial terms set forth in this paragraph are consistent with those set forth in the contract.

14. At the time of the contract, PJAM did not know whether the referenced terms were critical to Mr. Webster or when he had to be in Las Vegas.  PJAM admits the remaining allegations of Paragraph 14.

15. Admit

16. Admit

17. PJAM does not have sufficient information to admit or deny these allegations at this time.

18. PJAM admits that it was informed at some point around February 1, 2018 that Mr. Webster needed to be in Las Vegas at or around 1:00 a.m. PST on February 4, 2018 but does not have sufficient information to admit or deny the remaining allegations of Paragraph 17 at this time.

19. PJAM does not have sufficient information to admit or deny these allegations at this time.

20. PJAM admits that it was informed at some point around February 1, 2018 that Mr. Webster needed to be in Las Vegas at or around 1:00 a.m. PST on February 4, 2018 but does not have sufficient information to admit or deny the remaining allegations of Paragraph 18 at this time.

21. Deny.

22. PJAM admits that as of February 3, 2018, it understood that Mr. Webster needed to be in Las Vegas at or around 1:00 a.m. PST on February 4, 2018 but denies the remaining allegations of Paragraph 22.

23. The allegations of Paragraph 23 are not susceptible to admission or denial by PJAM.

24. Admit

25. Deny

26. Deny

27. Deny

28. The allegations of Paragraph 28 are not susceptible to admission or denial by PJAM.

29. Admit.

30. Admit.

31. Deny

32. Deny

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

PJAM alleges that the Counterclaims and each and every cause of action therein fails to state a cause of action as against PJAM.

### SECOND AFFIRMATIVE DEFENSE

(Waiver)

PJAM is informed and believes and thereon alleges that Counterclaimants engaged in conduct that constitutes a waiver of their rights, if any, regarding the matters alleged in the Counterclaims. By reason of said conduct and waiver, any recovery herein as against PJAM is therefore barred.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

PJAM is informed and believes and thereon alleges that by reason of the conduct of Counterclaimants including, without limitation, Counterclaimants' negligence, waiver, unclean hands, laches, and other conduct, Counterclaimants are estopped to assert any right to relief including, but not limited to, the relief sought in the Counterclaims.

### FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

PJAM alleges Counterclaimants are barred from any recovery based on the assertions contained in the Counterclaims by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

(Causation/Contribution)

Counterclaimants' claims are barred, in whole or in part, because the claims alleged in the Counterclaims were proximately caused by, occurred, and/or were contributed to by Counterclaimants' own acts or failures to act.

## SIXTH AFFIRMATIVE DEFENSE

(Intervening Cause / Third Party Conduct)

PJAM alleges that Counterclaimants' alleged damages, if any, were proximately caused by intervening, superseding causes, or the independent conduct of third parties. Counterclaimants' recovery against PJAM, if any, must therefore be reduced to the extent to which Counterclaimants' alleged damages, if any, were caused by intervening, superseding causes, or the independent conduct of third parties.

## SEVENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

PJAM is informed and believes, and based thereon alleges that the Counterclaims and each and every cause of action therein are barred to the extent Counterclaimants would be unjustly enriched if awarded any relief.

## EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

PJAM is informed and believes and based thereon alleges that the Counterclaims and each and every cause of action therein are barred, in whole or in part, because Counterclaimants failed to mitigate their damages, if any.

## NINTH AFFIRMATIVE DEFENSE

(Justification)

PJAM is informed and believes and based thereon alleges that the Counterclaims and each and every cause of action therein against PJAM is barred because PJAM was justified in all of its purported actions.

## TENTH AFFIRMATIVE DEFENSE

(Set-Off)

PJAM alleges that as a result of Counterclaimants' conduct including, without limitation, Counterclaimants' failure to perform or comply with the terms of any agreement alleged in the Counterclaims, PJAM is entitled to an offset and set off against

any alleged liability, if any, with respect to any claims arising out of the conduct of Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

(Counterclaimants' Material Breach)

PJAM is informed and believes and based thereon alleges that the Counterclaims and each purported cause of action alleged therein are barred due to Counterclaimants' material breach of the relevant contract.

**WHEREFORE**, as to all causes of action herein, PJAM prays as follows:

1. Counterclaimants take nothing by this Action;
2. That the Counterclaims be dismissed in their entirety, with prejudice, and that Judgment be entered for PJAM;
3. For costs of suit incurred herein; and
4. For other and further relief as the Court deems appropriate.

DATED: May 7, 2018                          HILL, FARRER & BURRILL LLP

By: */s/ Stephen J. Tomasulo*
STEPHEN J. TOMASULO
Attorneys for Plaintiff and
Counter-Claim Defendant PJAM LLC

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

- 7 -    CV 18-3192-JFW (MRWX)
**PJAM LLC'S ANSWER TO COUNTERCLAIMS**

# DEMAND FOR JURY TRIAL

Plaintiff and Counterclaim Defendant PJAM LLC hereby demands a jury trial.

DATED: May 7, 2018                    HILL, FARRER & BURRILL LLP

By: */s/ Stephen J. Tomasulo*
STEPHEN J. TOMASULO
Attorneys for Plaintiff and
Counter-Claim Defendant PJAM LLC

HFB 1905394.1 P6550002

# **PROOF OF SERVICE**

I, MONICA MAKIYAMA, declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 37th Floor, 300 South Grand Avenue, Los Angeles, California 90071-3147. On May 7, 2018, I served true copies of the following document(s) described below on the interested parties as follows:

**PJAM LLC's ANSWER TO COUNTERCLAIMS**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by electronic mail: I transmitted a true copy of such document(s) described above, via electronic mail to: see attached service list below.

Howard E. King, Esq.
Matthew J. Cave, Esq.
KING, HOLMES, PATERNO & SORIANO, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067-4506
Telephone: (310) 282-8989; Facsimile: (213) 282-8903
E-mail: HKing@KHPSLAW.COM; MCave@KHPSLAW.COM

I declare under penalty of perjury under the laws of the United States of America California that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 7, 2018, at Los Angeles, California.

*/s/ Monica Makiyama*
MONICA MAKIYAMA

HFB 1903322.1 P6550002