KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 077012
HKING@KHPSLAW.COM
MATTHEW J. CAVE, ESQ., STATE BAR NO. 280704
MCAVE@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Defendants and Counterclaimants
XX GLOBAL, INC. and JACQUES WEBSTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PJAM LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>XX GLOBAL, INC., JAQUES WEBSTER, and DOES 1-20, inclusive,<br><br>　　　　Defendants.<br><br>XX GLOBAL, INC. and JACQUES WEBSTER,<br><br>　　　　Counterclaimants,<br><br>　　vs.<br><br>PJAM LLC, JEFFERSON AGAR, ALEX MARTINI, PATRICK JOHNSTONE, and ROES 1 through 10, inclusive,<br><br>　　　　Counterclaim Defendants. | CASE NO.: 2:18-cv-03192 JFW (MRWx)<br><br>Hon. John F. Walter<br><br>**MEMORANDUM OF CONTENTIONS OF FACT AND LAW OF DEFENDANTS AND COUNTERCLAIMANTS XX GLOBAL, INC. AND JACQUES WEBSTER**<br><br>Pre-Trial Conf.: March 29, 2019<br>Trial Date:　　　April 9, 2019<br><br>Action Commenced: March 20, 2018 |

Pursuant to Local Rule 16-4 and the Court's Scheduling and Case Management Order, Defendants and Counterclaimants XX Global, Inc. and Jacques Webster (together, "Defendants") respectfully submit the following memorandum of contentions of fact and law.

**I.     Claims and Defenses** [L.R. 16-4.1]

   (a)     Plaintiff's Claim

Defendants breached their written contract with Plaintiff PJAM LLC ("PJAM"). (Complaint, ECF No. 1, Ex. A.)

   (b)     Elements of Plaintiff's Claim

         (1)     Formation of a contract;[1]
         (2)     Performance by plaintiff of any conditions precedent to its right to demand performance by defendant;
         (3)     Breach of the contract by defendant; and
         (4)     Damages[2]

   (c)     Key Evidence in Opposition to Plaintiff's Claim

Plaintiff materially breached the Agreement by failing to arrange and confirm an acceptable travel itinerary for Mr. Webster before the event. Months before PJAM asked Mr. Webster to perform at their event in Minnesota on February 3, 2018, Mr. Webster had committed to perform at Marquee Nightclub in Las Vegas at 1:30 a.m. PST on February 4, 2018. Although Mr. Webster had to be in Las Vegas by 1 a.m. later the same night, he agreed with PJAM to perform at the event in Minnesota *on the very important condition* that PJAM would arrange and confirm transportation for Mr. Webster and his management team from Los Angeles to Minneapolis, and then from Minneapolis to Las Vegas—landing in Las Vegas by *no*

---

[1] The parties stipulate this element is satisfied for the Agreement.

[2] *See* 4 Minn. Prac., Jury Instr. Guides (6th ed., Oct. 2018), Instr. CIVJIG 20.45; *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014).

*later than 1 a.m. PST*. This would ensure that Mr. Webster could make it on time to his show at Marquee Nightclub.

PJAM was fully aware of Mr. Webster's timeline and the importance of Mr. Webster making it to Las Vegas by 1 a.m. Mr. Webster's management team, including David Stromberg, repeatedly reminded PJAM (including in text messages and emails) of the importance of receiving confirmed travel information (to Minnesota and to Las Vegas) *before* Mr. Webster would have had to leave Los Angeles. In the days leading up to the event, PJAM consistently represented to Mr. Webster's management team that the agreed-upon transportation *would be* arranged. Yet, just hours before Mr. Webster was supposed to be "wheels up" from Los Angeles heading to Minnesota, PJAM still had not provided a confirmed itinerary consistent with the parties' Agreement.[3]

Because PJAM failed to provide the agreed-upon transportation for Mr. Webster, he did not travel to Minnesota for the event. Mr. Webster was ready, willing, and able to appear and perform in Minnesota on the evening of February 3, 2018, if PJAM had arranged and confirmed transportation for him as agreed.

///

///

---

[3] In an itinerary that PJAM first produced to Defendants at the mediation in this case, PJAM apparently proposed flying Mr. Webster to St. Cloud Regional Airport ("STC"), which is a 69.5-mile drive from the event venue in Maplewood, Minnesota. According to that itinerary, Mr. Webster would land at STC at 10:00 p.m. CST. This means the earliest possible time at which he could have appeared and performed at the venue would have been between 11:15 and 11:30 p.m. CST (assuming good driving conditions). If Mr. Webster left the venue immediately after his 30-minute performance, he could not have made it back to STC until at least 1:15 a.m. CST (again, assuming good driving conditions). Given the three-and-a-half hour flight time from STC to McCarran International Airport in Las Vegas, Mr. Webster would not have landed in Las Vegas until at least 2:45 a.m. PST, an hour and a half after PJAM had agreed to get Mr. Webster to Las Vegas.

(d) <u>Defendant's Counterclaim</u>

Plaintiff breached its written contract with Defendants.[4] (Answer and Counterclaims, ECF No. 5.)

(e) <u>Elements of Defendants' Counterclaim</u>

(1) Formation of a contract;

(2) Performance by plaintiff of any conditions precedent to its right to demand performance by defendant;

(3) Breach of the contract by defendant; and

(4) Damages

(f) <u>Key Evidence in Support of Defendants' Counterclaim</u>

The key evidence in support of Defendants' counterclaim for breach of contract against PJAM is the same as the evidence set forth above in opposition to PJAM's claim for breach of contract against Defendants.

Mr. Webster seeks $50,000 in damages, the additional amount of money owing to him under the Agreement (which, per the Agreement, PJAM was supposed to pay in cash immediately after the event). Mr. Webster would have received this money but for Plaintiff's breach.

(g) N/A

(h) Other than the issues raised in Joint Motion in Limine Nos. 1 and 2, Defendants do not anticipate any evidentiary issues at this time.

(i) The Agreement is governed by Minnesota law. There are no other issues of law that Defendants wish to bring to the Court's attention at this time.

## II. **Bifurcation of Issues** [L.R. 16-4.3]

Defendants do not request bifurcation of any issues.

---

[4] As noted in Section V *infra*, Defendants will pursue at trial only their counterclaim for breach of contract against PJAM.

III. **Jury Trial** [L.R. 16-4.4]

Defendants timely demanded a jury trial on all issues. (ECF No. 5 at p. 12.)

IV. **Attorneys' Fees** [L.R. 16-4.5]

Defendants do not claim that attorneys' fees are recoverable.

V. **Abandonment of Issues** [L.R. 16-4.6]

Defendants have abandoned the following counterclaims: First Claim for Relief (Breach of Contract) (ECF No. 5 ¶¶ 23-27) and Second Claim for Relief (Breach of Implied Covenant) (*id.* ¶¶ 28-32) against Counter-Defendants Jefferson Agar, Alex Martini, and Patrick Johnston; and Second Claim for Relief (Breach of Implied Covenant) (*id.* ¶¶ 28-32) against Counter-Defendant PJAM LLC.

DATED: March 14, 2019

KING, HOLMES, PATERNO & SORIANO, LLP

By: /s/ *Howard E. King*
HOWARD E. KING
MATTHEW J. CAVE
Attorneys for Defendants and Counterclaimants XX GLOBAL, INC. and JACQUES WEBSTER