KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 077012
HKING@KHPSLAW.COM
MATTHEW J. CAVE, ESQ., STATE BAR NO. 280704
MCAVE@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Defendants and Counterclaimants
XX GLOBAL, INC. and JACQUES WEBSTER

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PJAM LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>XX GLOBAL, INC., JAQUES WEBSTER, and DOES 1-20, inclusive,<br><br>    Defendants. | CASE NO.: 2:18-cv-03192 JFW (MRWx)<br><br>Hon. John F. Walter<br><br>**JOINT MOTION IN LIMINE NO. 2: MOTION OF DEFENDANTS AND COUNTERCLAIMANTS XX GLOBAL, INC. AND JACQUES WEBSTER TO PRECLUDE ANY REFERENCE TO TRAVIS SCOTT MISSING OTHER PERFORMANCES** |
| XX GLOBAL, INC. and JACQUES WEBSTER,<br><br>    Counterclaimants,<br><br>vs.<br><br>PJAM LLC, JEFFERSON AGAR, ALEX MARTINI, PATRICK JOHNSTON, and ROES 1 through 10, inclusive,<br><br>    Counterclaim Defendants. | Hearing Date: April 5, 2019<br>Hearing Time: 10 a.m.<br><br>Pre-Trial Conf.: March 29, 2019<br>Trial Date: April 9, 2019<br><br>Action Commenced: March 20, 2018 |

Defendants and Counterclaimants XX Global, Inc. and Jacques Webster (together, "Defendants"), by and through their counsel of record, and Plaintiff and Counterclaim Defendant PJAM LLC ("Plaintiff"), by and through its counsel of record, hereby file this Joint Motion in Limine No. 2 to preclude at trial any reference to Mr. Webster (p/k/a Travis Scott) missing other performances.

This Motion is based upon the accompanying memorandum of points and authorities and exhibits thereto, and declaration of Matthew Cave, the files and records in this case, and such further evidence and argument as the Court may permit.

DATED: March 14, 2019          KING, HOLMES, PATERNO & SORIANO, LLP

By: */s/ Howard E. King*
HOWARD E. KING
MATTHEW J. CAVE
Attorneys for Defendants and Counterclaimants XX GLOBAL, INC. and JACQUES WEBSTER

DATED: March 14, 2019          HILL, FARRER & BURRIL LLP

By: */s/ Stephen J. Tomasulo*
STEPHEN J. TOMASULO
Attorneys for Plaintiff and Counterclaim Defendant PJAM LLC, and Counterclaim Defendants JEFFERSON AGAR, ALEX MARTINI and PATRICK JOHNSTON

# TABLE OF CONTENTS

I.   JOINT MOTION IN LIMINE NO. 2: DEFENDANTS' MOTION TO PRECLUDE ANY REFERENCE TO TRAVIS SCOTT .................................. 1

    A.   Identification of the Matters in Dispute ....................................................1

II.  DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ................................................................................................. 1

    A.   Background ..................................................................................................1

    B.   Legal Standard .............................................................................................1

    C.   Argument ......................................................................................................2

    D.   Conclusion ...................................................................................................3

III. PJAM'S MEMORANDUM OF POINTS AND AUTHORITIES .................... 4

    A.   Introduction .................................................................................................4

    B.   Legal Standard .............................................................................................4

    C.   Argument ......................................................................................................5

    D.   Conclusion ...................................................................................................7

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Bancroft Life & Cas. v. Lo* No. 12CV1431, 2013 WL 6440956 (W.D. Pa. Dec. 9, 2013) .................................................................................................. 2, 6

*SEC v. Peters*
  978 F.2d 1162 (10th Cir. 1992) ................................................................. 4

*Too Tall Inc. v. Sara Lee Bakery Grp., Inc.*
  No. CV 08-191 JP/WDS, 2009 WL 10665809 (D.N.M. Oct. 19, 2009) ..... 3, 6

*U.S. v. Deitz* 577 F.3d 672 (6th Cir. 2009) ............................................................. 4, 6

*United States v. Layton*
  767 F.2d 549 (9th Cir. 1985) ................................................................... 2

**FEDERAL STATUTES**

Fed. R. Evid. 401 ................................................................................................ 2, 4, 6

Fed. R. Evid. 402 ................................................................................................ 2, 4

Fed. R. Evid. 403 ................................................................................................ 2, 3, 4

Fed. R. Evid. 406 ................................................................................................ 4

# I.

# JOINT MOTION IN LIMINE NO. 2: DEFENDANTS' MOTION TO PRECLUDE ANY REFERENCE TO TRAVIS SCOTT MISSING OTHER PERFORMANCES

## A. Identification of the Matters in Dispute

Defendants and Counterclaimants XX Global, Inc. and Jacques Webster (together, "Defendants") seek to preclude any reference to Mr. Webster (p/k/a Travis Scott) missing scheduled performances, for any reason, other than the event at issue in this case, because such information is irrelevant, unfairly prejudicial, and may mislead and confuse the jury.

Plaintiff and Counterclaim Defendant PJAM LLC ("PJAM") contends that Mr. Webster's failure to appear at other performances is relevant and is not unfairly prejudicial, misleading, or confusing.

# II.

# DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

## A. Background

Counsel met and conferred pursuant to this Court's Local Rules and the Scheduling and Case Management Order. During the meet and confer, PJAM's counsel stated that he will likely ask Mr. Webster questions during his cross-examination at trial about other performances that Mr. Webster has missed, some of which have been reported on in the media. Declaration of Matthew Cave ("Cave Decl.") ¶ 2. Counsel disagreed on the relevance of this topic and whether raising it would be unfairly prejudicial to Defendants or misleading or confusing for the jury. *Id.* Accordingly, this motion in limine is being brought by Defendants to preclude any reference to Mr. Webster missing performances, for any reason, other than the one at issue in this case.

## B. Legal Standard

Relevant evidence is admissible, whereas irrelevant evidence is not. Fed. R.

Evid. 402.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action."  Fed. R. Evid. 401(a)-(b).  Even relevant evidence should be excluded where "its probative value is substantially outweighed" by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Trial courts have broad discretion to exclude evidence that is irrelevant or improper under Rule 403.  *See, e.g.*, *United States v. Layton*, 767 F.2d 549, 553 (9th Cir. 1985) ("The district court's admission or exclusion of evidence under Rule 403 will be reversed only if it was an abuse of discretion.").

C.  **Argument**

This is a straightforward breach of contract action.  Other than determining appropriate damages, the only questions to be answered by the jury are (1) whether PJAM breached the contract at issue by failing to arrange and confirm transportation that would ensure Mr. Webster's arrival in Las Vegas by 1:00 a.m. PST for his previously scheduled show at Marquee Nightclub, and (2) whether Defendants breached the contract by Mr. Webster failing to travel to Minnesota and perform at the pre-Super Bowl event despite PJAM not arranging transportation for him to timely get to Las Vegas afterwards.  References (statements, questions, etc.) to other performances that Mr. Webster has missed—for reasons that may have absolutely nothing to do with why Mr. Webster did not appear at the event at issue in this case—do not bear on any question of fact or law before the jury, and therefore are irrelevant.  *See* Fed. R. Evid. 402(b); *Bancroft Life & Cas. v. Lo*, No. 12CV1431, 2013 WL 6440956, at *4 (W.D. Pa. Dec. 9, 2013) (granting motion in limine to preclude evidence related to breaches of contracts not at issue in the case, and limiting the plaintiff "to offer evidence to prove that it sustained recoverable damages for the two (2) contracts that were attached to its Complaint"); *Too Tall Inc. v. Sara Lee Bakery Grp., Inc.*, No. CV 08-191 JP/WDS, 2009 WL 10665809, at

1  \*1 (D.N.M. Oct. 19, 2009) (granting motion in limine to preclude evidence related to "any other contract cases that attracted media attention" as irrelevant and highly prejudicial).

Even if evidence related to other performances that Mr. Webster has missed were somehow relevant, the Court should preclude any reference to such evidence because it would be unfairly prejudicial to Defendants and would mislead and confuse the jury.  *See* Fed. R. Evid. 403.  For example, references to Mr. Webster missing a few other performances—out of the hundreds of performances he currently puts on each year—would distract the jury from the one contract at issue and the alleged breaches of that contract.  This could lead to several mini-trials (within the main trial) regarding the various reasons why Mr. Webster missed other shows—none of which would be relevant here, and all of which would confuse and muddle the issues in this case.  Such references may also cause jurors to unfairly infer that Mr. Webster has a pattern of missing performances that his fans pay to attend, which could stir up emotions for any juror who has attended a concert or other event where the scheduled performer failed to show up or perform.  Accordingly, any reference to other performances that Mr. Webster has missed should be precluded under Rule 403.

**D.  Conclusion**

For the reasons set forth herein, Defendants respectfully request that the Court grant this motion in limine.

## III.

### PJAM'S MEMORANDUM OF POINTS AND AUTHORITIES

**A.  Introduction**

Defendants ask the Court to exclude evidence of Mr. Webster's habit of cancelling performances at the last minute.  Mr. Webster is famous for, among other things, fathering a Kardashian child.  It is no coincidence that he cancelled the performance at issue in this lawsuit just two days after the much-anticipated birth.

1  This was not the first or last time Mr. Webster cancelled a performance on short
2  notice. He has a well-documented habit of cancelling performances when personal
3  issues overcome contractual obligations. Such evidence is admissible because it
4  tends to suggest Defendants' excuse for Mr. Weber's last minute cancellation is
5  disingenuous. Any prejudice of such evidence is far outweighed by its probative
6  value.

**B.  Legal Standard**

Evidence is relevant if "it has any tendency to make a fact more or less probative than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "[I]n weighing the factors under Rule 403, the court should generally give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *SEC v. Peters*, 978 F.2d 1162, 1171 (10th Cir. 1992). The prejudice to be weighed is only "the unfair prejudice caused by admission of the evidence. Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial." *U.S. v. Deitz*, 577 F.3d 672, 688 (6th Cir. 2009). "Existence of a person's habit…may be admitted to prove that on a particular occasion the person…acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." Fed. R. Evid. 406.

**C.  Argument**

Defendants seek to exclude the subject evidence on the grounds it is irrelevant. Fed. R. Evid. 402. Alternatively, Defendants argue that, even if relevant, the evidence should be excluded because its probative value is outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. These arguments are without merit.

Plaintiff believes the evidence will show that Mr. Webster has cancelled numerous performances at the last minute, as reported by various news outlets:

- February 16, 2016 – Mr. Webster is a "no show" at a club in Toronto. He later apologizes and reschedules. Declaration of

Stephen Tomasulo ("Tomasulo Decl."), Exh. A.

- August 22, 2016 – Two performances in Ireland cancelled the week of the shows so Mr. Webster could finish an album. The reason given was "album mixes delay." Declaration of Stephen Tomasulo ("Tomasulo Decl."), Exhs. B-C.

- October 4, 2016 – Mr. Webster cancels a performance in New Zealand the day before the show due to an "unforeseen commitment." *Id.*, Exh. D.

- February 3, 2018 – This case. Performance cancelled immediately after Kylie Kardashian gives birth to his child. Mr. Webster blames inadequate travel arrangements.

- November 12, 2018 – Mr. Webster postpones a performance in Florida the day of the show due to "technical production issues." Additional shows scheduled in Hartford (Nov 30), Cleveland (Dec 4) and Milwaukee (Dec 9) are also postponed. *Id.*, Exh. E.

- February 11, 2019 – Mr. Webster postpones a performance in Tulsa thirty minutes before the doors were scheduled to open due to "production issues." *Id.*, Exh. F.

- February 28, 2019 – Performance in Buffalo cancelled the day of the event after Kylie Kardashian accuses Mr. Webster of cheating. Mr. Webster claims he was "under the weather." *Id.*, Exhs. G-H.

- March 2, 2019 – Mr. Webster double-books himself at Madison Square Garden and at a festival in Indio, CA. He cancels his festival appearance "at the last minute" after having been paid a $217,000 deposit, resulting in the cancellation of the festival. *Id.*, Exhs. I-J.

Plaintiff reasonably believes that this evidence will establish Mr. Webster's

history of putting personal ventures ahead of contractual obligations. The jury is permitted to consider any evidence that "has any tendency to make a fact more or less probative than it would be without the evidence." Fed. R. Evid. 401. Evidence of other last minute cancellations rises to the level of a habit, puts Mr. Webster's credibility at issue, and is thus a proper subject of inquiry at trial. The fact Mr. Webster's other cancellations may paint him in a bad light is not the type of unfair prejudice subject to exclusion. *U.S. v. Deitz, supra,* 577 F.3d at 688.

Defendants cite *Bancroft Life & Cas. v. Lo*, No. 12CV1431, 2013 WL 6440956, at *4 (W.D. Pa . Dec. 9, 2013) for the proposition that evidence prior breaches of contract are not admissible. In *Bancroft Life*, however, the issue was whether the plaintiff could introduce evidence to prove "it sustained recoverable damages for the breach of" contracts not attached to its complaint. *Id.* at *4. The excluded the evidence for that purpose, but allowed it so plaintiff could "defend itself from the fraud and other remaining counterclaims which call into question the entire Bancroft Program with documentation beyond the documents comprising the two [contracts]." *Id.* at *5. Here, Plaintiff is not offering evidence of Mr. Webster's conduct to recover damages for claims not issue in the lawsuit.

Defendants also rely on *Too Tall Inc. v. Sara Lee Bakery Grp., Inc.*, No. CV 08-191 JP/WDS, 2009 WL 10665809, at *1 (D.N.M. Oct. 19, 2009) in which the court precluded evidence of "any other contract cases that attracted media attention." The order does not state what contract cases were at issue or whether they involved any of the parties to the case. Here, Plaintiff is not offering evidence of the existence of other lawsuits, but rather evidence of Mr. Webster's habit of last-minute cancellations.

Plaintiff is being accused in Defendants' counterclaim of acting in bad faith by preventing Mr. Webster from performing and precluding him from booking other performances. Defendants have put Mr. Webster's own attendance problems at issue, and Plaintiff should be permitted to present this evidence at trial to challenge

Mr. Webster's credibility and otherwise defend itself against such claims at trial.

### D. Conclusion

The motion should be denied. Plaintiff should be permitted to introduce evidence of other instances in which Mr. Weber cancelled performances to pursue personal ventures or tend to other commitments.

DATED: March 14, 2019

KING, HOLMES, PATERNO & SORIANO, LLP

By: */s/ Howard E. King*
HOWARD E. KING
MATTHEW J. CAVE
Attorneys for Defendants and Counterclaimants XX GLOBAL, INC. and JACQUES WEBSTER

DATED: March 14, 2019

HILL, FARRER & BURRIL LLP

By: */s/ Stephen J. Tomasulo*
STEPHEN J. TOMASULO
Attorneys for Plaintiff and Counterclaim Defendant PJAM LLC, and Counterclaim Defendants JEFFERSON AGAR, ALEX MARTINI and PATRICK JOHNSTON