**EXHIBIT 2**

1 **HILL, FARRER & BURRILL LLP**
Stephen J. Tomasulo (Bar No. 181013)
2 One California Plaza, 37th Floor
300 South Grand Avenue
3 Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
4 Fax: (213) 624-4840
E-mail: stomasulo@hillfarrer.com
5
Attorneys for Plaintiff and Counterclaim
6 Defendants PJAM LLC

7

8                  UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | PJAM LLC,                              | CASE NO. 2:18-cv-03192 JFW (MRWx)
12 |          Plaintiff,                    |
                                            | Judge: John F. Walter
13 |     vs.                                |
                                            | **EXPERT WITNESS DISCLOSURE (FRCP 26(a)(2))**
14 | XX GLOBAL, INC., JAQUES                |
   | WEBSTER, and DOES 1-20,                |
15 | inclusive,                             |

16 |          Defendants.                   |

17 | XX GLOBAL, INC., JEFFERSON
18 | AGAR, ALEX MARTINI,
   | PATRICK JOHNSTON, and ROES
19 | 1 through 10, inclusive,

20 |          Counterclaimants,

21 |     vs.

22 | PJAM LLC, JEFFERSON AGAR,
   | ALEX MARTINI, PATRICK
23 | JOHNSTON, and ROES 1 through
   | 10, inclusive,
24
   |          Counterclaim Defendants.
25

26

27

28

CV 18-3192-JFW (MRWX)

**EXPERT DISCLOSURE**

Pursuant to FRCP Rule 26(a)(2), Plaintiff PJAM LLC hereby discloses counterclaim defendant Alex Martini as an expert witness who will testify at trial. A copy of Mr. Martini's expert report is attached hereto as Exhibit A.

DATED: January 25, 2019

By: /s/ Stephen J. Tomasulo
STEPHEN J. TOMASULO
Attorneys for Plaintiff and Counterclaim Defendant PJAM LLC and Counterclaim Defendants JEFFERSON AGAR, ALEX MARTINI and PATRICK JOHNSTON

HFB 2017103.1 P6550002

# EXHIBIT A

# EXPERT REPORT OF ALEX MARTINI

*PJAM LLC v. XX Global, Inc.*, U.S.D.C. Central District Case No. 2:18-cv-03192 JFW (MRWx)

February 4, 2019                                    ALEX MARTINI


/S/ Alex Martini



1. Opinions

I intend to testify as a percipient witness at the trial of this matter but will also offer the following expert opinions regarding the revenue PJAM would have received on February 3, 2018 if defendant Jacques Webster/Travis Scott had shown up and performed at the Myth Live venue in Minnesota as contemplated in the January 24, 2018 contract at issue in this lawsuit:

- PJAM would have sold at least 2,000 general admission tickets at an average price of at least $300, for a total of $600,000.

- PJAM would have sold at least an average of $50 worth of drinks to each of the 2,000 general admission entrants, for a total of $100,000.

- PJAM would have sold at least 30 tables at an average price of $5,000 per table, for a total of $150,000.

2. Facts and Data Considered

As explained below, I have extensive national and international experience with concert, event and party promotion. This includes significant experience hosting high end parties at VIP destinations. I was intimately involved with the planning, management and marketing of the Super Bowl weekend event that included the event on Saturday February 3, 2018 event at which Travis Scott was to perform. This included analysis of the economics of high end Super Bowl weekend events (I also have previous experience with VIP Super Bowl events).

My opinions are in large part based upon my experiences as to what can be expected at a high end Super Bowl event at a venue like Myth Live which holds over 4,000 people. I have regularly been involved with events that have generated more than $1 million in revenues in a particular night. I have seen many instances where tables sell for $5,000, $10,000 or $30,000. In some instances, I have seen tables sell for more than $100,000.

In addition to my experience and background as set forth below, I researched the revenues generated by another VIP event in Minnesota on the same night as Travis Scott was supposed to show up and perform at Myth Live. That event was hosted by Tao and, without a high end performer, generated more than $300,000 just in ticket sales.

I also looked into what similar types of events – other than the ones I had hosted - had generated in revenues. In this regard, I consulted with counterclaim defendant Jefferson Agar, who assisted me in the preparation of our 2018 Super Bowl event. Mr. Agar works as the director of sales and VIP services at the Mirage in New York City. The Mirage is similar in size to Myth Live. Mr. Agar provided me with revenue data for a performance in 2018 by Drake, a high profile hip hop artist. That event generated over $800,000 in revenues. Although New York City is a different market than Minnesota, the fact that our event was to be

held on the Saturday of the Super Bowl in Minnesota weekend makes this a reasonable comp.

I also researched how successful Travis Scott's performances have been. In particular, I noted that he sold out Madison Square Garden and performed at the halftime of this year's Super Bowl.

I also considered the fact that we generated more than $100,000 in revenues at Myth Live the night before Travis Scott was to perform, with a lower profile act than Mr. Scott. Typically, the Saturday before a Super Bowl generates much larger revenues than the Friday night. This is because people tend to arrive on Friday and are less inclined to go out. Given Travis Scott's high profile status and the fact that he was to perform on Saturday, it is reasonable to expect that revenues would be many times higher than Friday. Also, between Mr. Scott and his booking agent, they were charging us $235,000 for his performance. Implicit in the concept of demanding that type of fee is the fact that one can expect to generate much more than that in revenue.

3. Exhibits

I do not intend at this time to base my testimony on exhibits.

4. Qualifications

I graduated from the University of Venice in Italy in 1993 with a degree in Economics. I then went on to study Economic History at Princeton from 1996 to

2000. For approximately 20 years, I have been involved in the entertainment and promotion business. I have particularly extensive experience in promoting and putting on shows, concerts, club openings and related events. I have put on events at VIP destinations throughout the world. These locations include New York City, the Hamptons. Las Vegas, Miami, Toronto, Montreal, Ibiza, Tulum, Acapulco, Myconos, and many others. I often work with celebrity DJs such as Paul Oakenfold, Pete Tong, David Morales, Erick Morillo, Swedish House Mafia and Deep Dish. Although none of these DJs are as high profile as Travis Scott, their shows regularly generate extensive revenues similar to what I anticipated for the Travis Scott performance contemplated in this lawsuit.

5. I have not testified in any other cases in the past five years.

6. I am not receiving any compensation for my report or testimony.

HFB 2017158.1 P6550002

# PROOF OF SERVICE

I, MONICA MAKIYAMA declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 37th Floor, 300 South Grand Avenue, Los Angeles, California 90071-3147. On February 5, 2019, I served true copies of the following document(s) described below on the interested parties as follows:

**EXPERT WITNESS DISCLOSURE (FRCP 26(a)(2))**

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by electronic mail: I transmitted a true copy of such document(s) described above, via electronic mail to: see attached service list below.

Howard E. King, Esq.
Matthew J. Cave, Esq.
KING, HOLMES, PATERNO & SORIANO, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067-4506
Telephone: (310) 282-8989; Facsimile: (310) 282-8903
E-mail: HKing@KHPSLAW.COM; MCave@KHPSLAW.COM

I declare under penalty of perjury under the laws of the United States of America California that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 5, 2019, at Los Angeles, California.

*/s/ Monica Makiyama*
MONICA MAKIYAMA