KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 077012
HKING@KHPSLAW.COM
MATTHEW J. CAVE, ESQ., STATE BAR NO. 280704
MCAVE@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Defendants and Counterclaimants
XX GLOBAL, INC. and JACQUES WEBSTER

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PJAM LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>XX GLOBAL, INC., JAQUES WEBSTER, and DOES 1-20, inclusive,<br><br>    Defendants. | CASE NO. 2:18-cv-03192 JFW (MRWx)<br><br>Hon. John F. Walter<br><br>**JOINT BRIEF RE ADDITIONAL JURY INSTRUCTION ON WAIVER** |
| XX GLOBAL, INC., JACQUES WEBSTER,<br><br>    Counterclaimants,<br><br>    vs.<br><br>PJAM LLC, JEFFERSON AGAR, ALEX MARTINI, PATRICK JOHNSTON, and ROES 1 through 10, inclusive,<br><br>    Counterclaim Defendants. | Trial Date:  April 16, 2019<br><br>Action Commenced:  March 20, 2018 |

///

///

3975.065/1434193.1
JOINT BRIEF RE ADDITIONAL JURY INSTRUCTION ON WAIVER

Defendants XX GLOBAL, INC. and JACQUES WEBSTER (together, "Defendants"), and Plaintiff PJAM LLC ("PJAM") respectfully submit the following Joint Brief Re Additional Jury Instruction on Waiver, per the Court's order at trial on April 16, 2019.

**Defendants' Position**

The parties have stipulated to additional jury instructions on modification of a contract and the clear and convincing burden of proof. An updated set of jury instructions has been filed with the Court (ECF No. 85). Thus, the only issue the parties address herein is whether the jury should also be instructed on the law regarding waiver.

Defendants contend that the following instruction on waiver should be given to the jury. PJAM disagrees.

**CACI No. 336. Affirmative Defense—Waiver**

XX Global, Inc. and Jacques Webster claim that Mr. Webster did not have to perform at the Myth Live event at 11:45 p.m., as stated in the contract, because PJAM LLC gave up its right to have Mr. Webster perform at that time. This is called a "waiver."

To succeed, XX Global, Inc. and Jacques Webster must prove both of the following by clear and convincing evidence:

    1. That PJAM LLC knew Mr. Webster was contractually required to perform at the Myth Live event at 11:45 p.m.; and

    2. That PJAM LLC freely and knowingly gave up its right to have Mr. Webster perform at that time.

A waiver may be oral or written or may arise from conduct that shows that PJAM LLC gave up that right.

> If XX Global, Inc. and Jacques Webster prove that PJAM LLC gave up its right to have Mr. Webster perform at the Myth Live event at 11:45 p.m., then Mr. Webster was not required to perform at that time.

"In contract law, a waiver is defined as an intentional relinquishment of a known right, and it must 'clearly be made to appear from the facts disclosed.'" *Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc.*, 320 N.W.2d 886, 892 (Minn. 1982) (emphasis omitted) (citing *Kennedy v. Hasse*, 114 N.W.2d 82, 85 (Minn. 1962)). A waiver of a contractual right may be implied based on a party's conduct after entering into the contract. *Kennedy*, 114 N.W.2d at 85 (affirming lower court's finding of waiver based on defendant's post-contract conduct).

Here, the evidence warrants instructing the jury on the law regarding waiver so that the jury may properly determine whether PJAM waived its purported contractual right to have Mr. Webster perform at the Myth Live event at 11:45 p.m. Alex Martini, the managing partner of PJAM, admitted during his deposition (1) that PJAM knew Mr. Webster had to be in Las Vegas by 1:00 a.m. on February 4, 2018, and thus he could not perform in Minnesota at 11:45 p.m. on February 3, 2018; and (2) that PJAM agreed with Defendants that Mr. Webster could perform at the Myth Live event as early as 10:00 p.m. Martini Dep. Tr. at 57:25-58:18. In fact, Mr. Martini admitted during his deposition that PJAM knew Mr. Webster could come to Minnesota for the event only "if he was assured he would be back in Las Vegas by 1:00 a.m. *Id.* at 60:5-9.

PJAM's conduct, as demonstrated through exhibits admitted into evidence at trial, is entirely consistent with the parties agreeing that Mr. Webster would perform *not* at 11:45 p.m., as stated in the contract, but rather at or around 10:00 p.m. Trial Exhibit 50-5 confirms that PJAM was made aware of Mr. Webster's travel requirements as early as January 25, 2018, **before the contract was signed**. Trial

Exhibit 29 similarly shows Jefferson Agar, another principal of PJAM, agreeing to a "set time" of 10:30 p.m. Moreover, Mr. Stromberg confirmed during his testimony at trial that the parties never intended for Mr. Webster to perform at 11:45 p.m.—a time that was merely a "placeholder." This further explains PJAM's post-contract efforts to figure out a mutually agreeable time for Mr. Webster's performance. It also explains why PJAM never pushed back when Mr. Stromberg repeatedly asked for confirmation of travel arrangements based on Mr. Webster performing at or around 10:00 p.m.

Defendants are not requesting a ruling that PJAM waived any right—that is an issue the jury should decide. But, in order to do so, the jury must understand the law. That is why this instruction is appropriate.

Defendants disagree with PJAM's contention that Defendants waived their right to assert this affirmative defense. Today—the first day of trial, after weeks of meeting and conferring with PJAM's counsel—is the first time that PJAM or its counsel even suggested that Mr. Webster was contractually obligated to perform at 11:45 p.m. This new argument is nowhere to be found in any of the pre-trial filings, including PJAM's Memorandum of Contentions of Fact and Law (ECF No. 42). There was no reason to assert this affirmative defense until Defendants' counsel became aware of its applicability, today at trial.

Defendants also disagree that the stipulated modification instruction sufficiently addresses the Court's concerns. Contract modification is a separate issue from waiver. The jury could find that the parties modified the contract without reaching the issue of waiver, or the jury could find that the contract was not modified but PJAM waived its right to have Mr. Webster perform at 11:45 p.m. through its conduct. The jury should be informed of all appropriate options for applying the law to the facts; both instructions (modification and waiver) should therefore be given.

**Plaintiff's Position**

The court requested briefing on the issue of whether jury instructions should be added on the issues of contract waiver and modification to avoid potential juror confusion. The source of potential juror confusion is testimony regarding the contract's integration clause and defendants' position that the contract was modified.

PJAM met and conferred with counsel for Defendants. PJAM stipulated to Defendants' proposed jury instruction regarding contract modification, and the related instruction concerning clear and convincing evidence. Those stipulated instructions have been filed separately. PJAM objects to Defendants' request for a Waiver instruction on the following grounds:

(1) The modification instruction is sufficient to resolve any potential jury confusion. Defendants' evidence was that PJAM "agreed" to the modified travel schedule, not that compliance with the original travel schedule was waived. Mr. Stromberg, the only defense witness, testified that it was his understanding that Mr. Agar agreed to the modification by email, and Defendants' introduced Mr. Martini's deposition testimony regarding this alleged agreement.

(2) The requested instruction is "CACI No. 336. Affirmative Defense—Waiver." Defendants waived their right to assert any affirmative defenses. Defendants did not raise any affirmative defenses in the Joint Pretrial Conference Order [Dkt. No. 45] or in their Memorandum of Contentions of Fact and Law [Dkt. No. 37], as required by Local Rule 16-4.1.

For these reasons, PJAM requests that the court deny Defendants' request to add the requested waiver instruction.

| | | |
|---|---|---|
| DATED:  April 16, 2019 | | KING, HOLMES, PATERNO & SORIANO, LLP |
| | By: | /s/ Howard E. King |
| | | HOWARD E. KING |
| | | MATTHEW J. CAVE |
| | | Attorneys for Defendants and Counterclaimants XX GLOBAL, INC. and JACQUES WEBSTER |
| DATED:  April 16, 2019 | | HILL, FARRER & BURRIL LLP |
| | By: | /s/ Stephen J. Tomasulo |
| | | STEPHEN J. TOMASULO |
| | | Attorneys for Plaintiff and Counterclaim Defendant PJAM LLC |